IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MILTON N. WILLIAMS,

    Petitioner,

v.                                                                Civil Action No. **3:15CV690**

**COMMONWEALTH OF VIRGINIA,**

    Respondent.

## MEMORANDUM OPINION

Milton N. Williams, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 9) challenging his convictions in the Circuit Court of the City of Hampton, Virginia ("Circuit Court"). By Memorandum Order entered on March 16, 2017, the Court granted Respondent's Motion to Dismiss, denied Williams's § 2254 Petition, and dismissed the action. (ECF Nos. 22–23.) On April 17, 2017, the Court received Williams's "RESPONSE AND OBJECTION TO THE U.S. MAGISTRATE JUDGE'S MEMORANDUM OPINION," which the Court construes as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 24). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (filings made within twenty-eight days after the entry of judgment construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).[1]

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent

---

[1] Williams indicated that he mailed his Rule 59(e) Motion on April 13, 2017, within twenty-eight days after entry of the March 16, 2017 Memorandum Opinion and Order, and the Court deems the motion filed on this date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). The Court construes Williams's submission as a request for relief under Rule 59(e) to correct a clear error of law.

Williams first argues that the Court erred when it found that Claim One (b) was "not cognizable in federal habeas corpus . . . [because] Williams asserted his Sixth Amendment right to effective assistance of counsel was violated and he reasserted this fact in (Claim One (b)) for this Court to decide." (Rule 59(e) Mot. 1–2 (capitalization corrected).) Williams argues that "he explained how he attempted to have this matter addressed by the STATE authoritys [sic] has been construed as an attack upon state law, is misplaced." (*Id.* at 2.) Williams believes that "[b]efore the Court found Williams['s] Claim One (b)" not cognizable under federal habeas corpus, "the Court should have asked Williams to clearify [sic], prior to finding his claim not cognizable." (*Id.*) In his § 2254 Petition, under Ground One, Williams labeled his claim as "Involuntary Plea of Guilty." (§ 2254 Pet. 5 (as paginated by CM/ECF).) Williams alleged the following in support of his claim:

> Petitioner never wanted to plead guilty. Petitioner told court official (probation officer) and the psychologist that his lawyer told him if he the Petitioner didn't plead guilty more charges would be added to Petitioner's case. . . . Also Petitioner notified the Circuit Court that he wanted to file a complaint on Feb 23, 2012 against his lawyer. The Petitioner had not been sentenced when he was trying to make the Circuit Court aware of the coercion and intimidating behavior against him. The Circuit Court didn't act or inquire about his complaint. The Circuit Court has record of the letter sent to the Court asking for help. . . . These acts by counsel is a violation of the Petitioner's constitutional rights.

(§ 2254 Pet. 5–6 (as paginated by CM/ECF) (spelling, punctuation, and capitalization corrected).) From these terse allegations, the Court construed Williams to raise two claims: that his plea was involuntary (Claim One (a)) and that the Circuit Court erred by "ignoring his request to file a complaint, presumably with the state bar, against his counsel." (ECF No. 22, at

2

6–7.) Nowhere in his statement of Ground One does Williams mention that he raises a claim that counsel rendered ineffective assistance in violation of the Sixth Amendment. Nevertheless, the Court addressed Williams's contention that counsel pressured him to plead guilty in its lengthy discussion of Claim One (a). (*See id.* at 7–10.) The Court found that this claim lacked merit and that the "record establishes that Williams knowingly and voluntarily entered his guilty plea." (*Id.* at 10.) To the extent that Williams believes that the Court should have framed Claim One to also set forth a separate claim of ineffective assistance of counsel with regard to his guilty plea, Williams fails to identify any clear error of law in the Court's categorization of his claims.

Williams also fails to identify any clear error of law when the Court dismissed this claim without offering Williams a chance to further expound upon it prior to the dismissal. Williams points to no authority that requires the Court to seek clarification of a habeas petitioner's claim beyond what the petitioner has submitted in support of the claim. Moreover, the Court rejected Williams's argument that counsel pressured him into pleading guilty. Williams fails to offer any persuasive argument that would have altered the Court's conclusion. Williams is not entitled to Rule 59(e) relief based on this argument.

Williams also argues that "he was denied his right to appeal his claims, and ineffective assistance of counsel with regard to his appeal" because his "attorney not only failed to [file an appeal, but] he abandoned Williams without even letting him know he could appeal." (Rule 59(e) Mot. 2–3.) The Court construes Williams to argue that the Court's conclusion that Claim Five lacked merit is a clear error. Williams offers no persuasive argument about why the Court's thorough discussion of and rejection of this claim was in error. Again, Williams is not entitled to Rule 59(e) relief based on this argument.

Accordingly, for these reasons, Williams's Rule 59(e) Motion (ECF No. 24) will be DENIED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this requirement only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Williams fails to meet this standard. A certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/ 
Roderick C. Young
United States Magistrate Judge

Date: May 9, 2017
Richmond, Virginia